UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JASON MICHAEL GIBSON,<br><br>Plaintiff,<br><br>v.<br><br>GEORGE PAYNE JR, BENNETT, WILLIAM HYTAA,<br><br>Defendants. | CAUSE NO. 3:20-CV-734-RLM-MGG |

OPINION AND ORDER

Jason Michael Gibson, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Gibson is confined at Miami Correctional Facility. He alleges that "for some reason without notice" he was informed that he would be limited to two phone calls per month. He alleges that "nobody can take my phone [privileges] due to the pandemic in the world" and that the restriction on his telephone calls violates "policy." He attaches a copy the Indiana Department of Correction Manual of Policy and Procedures No. 02-03-102(I), which provides that other

than calls to an attorney, inmates are permitted a minimum of two calls per month, "unless the offender abuses this privilege." Mr. Gibson alleges that the two-call limit violates his constitutional rights and seeks $50,000 in damages, along with an order requiring that "my calls go back to regular with no limits on them."

A violation of the Eighth Amendment's Cruel and Unusual Punishment Clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's state of mind was one of deliberate indifference to the deprivation. Farmer v. Brennan, 511 U.S. 825, 834 (1994). "[N]ot all prison conditions trigger eighth amendment scrutiny—only deprivations of basic human needs like food, medical care, sanitation, and physical safety." James v. Milwaukee Cty., 956 F.2d 696, 699 (7th Cir. 1992). "[C]onditions that merely cause inconveniences and discomfort or make confinement unpleasant do not rise to the level of Constitutional violations." Pegues v. Rogers, No. 3:07-CV-93 PS, 2007 WL 951896, at *1 (N.D. Ind. Mar. 27, 2007). For example, "a prisoner who is denied a pack of playing cards or a television set has not set out a deprivation of constitutional dimensions under the eighth amendment." James v. Milwaukee Cty,, 956 F.2d at 699. Likewise, a limitation on telephone usage to two calls per month isn't the type of extreme deprivation that would give rise to an Eighth Amendment claim. Farmer v. Brennan, 511 U.S. at 834; *see also* Pegues v. Rogers, 2007 WL 951896, at *2 (limitation on inmate's phone usage did not violate the Eighth Amendment);

Wrinkles v. Davis, 311 F. Supp. 2d 735, 741 (N.D. Ind. 2004) (inmate's lack of access to telephones for two months did not amount to an Eighth Amendment violation).

Nor does the limitation on telephone usage constitute the type of "atypical and significant" deprivation that would give rise to a federal due process claim.[1] Lekas v. Briley, 405 F.3d 602, 612 (7th Cir. 2005). To the extent Mr. Gibson is claiming that the restriction violates IDOC policy, the policy he attaches actually provides for a minimum of two calls per month, which is what he claims to be receiving. In any event, the violation of prison policy or other state law doesn't give rise to a federal constitutional claim. Wozniak v. Adesida, 932 F.3d 1008, 1011 (7th Cir. 2019) ("[A] constitutional suit is not a way to enforce state law through the back door."); Scott v. Edinburg, 346 F.3d 752, 760 (7th Cir. 2003) (observing that "42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or . . . departmental regulations"). Mr. Gibson's allegations don't state a plausible claim for relief under 42 U.S.C. § 1983.

Ordinarily, the court should give a *pro se* litigant an opportunity to cure his defective pleadings. Abu-Shawish v. United States, 898 F.3d 726, 738 (7th Cir. 2018); Luevano v. Wal-Mart, 722 F.3d 1014 (7th Cir. 2013). However, the court isn't required to grant leave to amend when such action would be futile.

---

[1] Mr. Gibson doesn't allege, nor can it be plausibly inferred from the complaint, that the telephone restriction has hindered his ability to consult with an attorney. See Lashbrook v. Hyatte, 758 F. App'x 539, 541 (7th Cir. 2019). As already noted, the IDOC policy he attaches reflects that the two-call limit does not apply to calls to an attorney.

Hukic v. Aurora Loan Servs., 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). The court finds no basis to conclude that, if given another opportunity, Mr. Gibson could state a plausible constitutional claim, consistent with the allegations he has already made.

For these reasons, the court:

(1) DISMISSES this case pursuant to 28 U.S.C. § 1915A because the complaint does not state a claim for relief; and

(2) DIRECTS the clerk to close this case.

SO ORDERED on September 1, 2020

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT
